IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF UTAH

FILED US District Court-UT

AUG 25 '25 AM 10:3?

United States of America

v.

**Mubarak Sulaiman Ukashat**, Defendant.

Case No: **2:23-dr-00111-HCN**

Honorable Judge Howard C. Nielson Jr.,

## MOTION TO WITHDRAW PLEA OF GUILTY

COMES NOW the Defendant, Mubarak Sulaiman Ukashat, proceeding pro se, and respectfully moves this Honorable Court, pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, to withdraw the guilty plea previously entered in this case. In support of this motion, Defendant states as follows:

# I. Legal Standard

Under Rule 11(d)(2)(B), a defendant may withdraw a plea of guilty after the Court accepts the plea, but before sentencing, if the defendant can show a "fair and just reason." Courts consider whether the plea was knowing and voluntary, whether ineffective assistance of counsel was involved, and whether new evidence has come to light.

1

# II. Grounds for Withdrawal

## A. Withholding of Exculpatory Evidence

At the time of plea negotiations, exculpatory evidence existed in the custody of Interpol Washington, D.C. Defendant repeatedly informed counsel of this evidence, and Nigerian counsel provided supporting documentation. However, neither defense counsel nor the prosecution ensured that the Court or Defendant had access to this critical material. This omission deprived Defendant of the ability to make an informed decision.

## B. Ineffective Assistance of Counsel

Defense counsel failed to:

- Obtain and present the Interpol evidence, despite being alerted to its existence;

- Ensure mitigation materials and letters of support were timely submitted;

- Present Defendant's concrete restitution plan of making substantial yearly payments, thereby allowing the prosecution to argue misleadingly that restitution would take "over 100 years" to complete.

These failures directly impacted Defendant's ability to assess the risks of trial versus plea, rendering the plea unknowing and involuntary.

## C. History of Ineffective Representation

This Court is aware that Defendant's prior retained counsel was previously removed for ineffective assistance after failing to prepare or present essential materials during pretrial proceedings. The recurrence of such representation issues establishes a pattern of deficient counsel that prejudiced Defendant throughout the plea process.

2

## III. Prejudice to Defendant

The guilty plea was entered without full knowledge of available defenses, material evidence, or mitigating circumstances. Had the Defendant been properly advised and had the Interpol evidence and restitution plan been presented, there is a reasonable probability that the plea would not have been accepted and instead would have proceeded to trial.

## IV. Relief Requested

WHEREFORE, Defendant respectfully requests that this Honorable Court:

1. Permit Defendant to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(B);

2. Vacate the judgment entered upon the plea; and

3. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 25, 2025

Mubarak Sulaiman Ukashat

Pro Se

30 West 100 North Apt. 1

Kaysville, UT, 84037

3853947072

3

# Exhibits

1. Exhibit A1 through A4 – Email correspondence with defense counsel regarding Interpol letter.

2. Exhibit B: Draft summary provided by Nigerian counsel regarding the Interpol letter (for context only).